**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| M.C. PAINTING CORPORATION | : |
|            Plaintiff, | : |
|     v. | : |
| | : No. 1:07-cv-283 (GMS) |
| CIANBRO CORPORATION, | : |
| | : |
|        and | : |
| | : |
| TRAVELERS CASUALTY AND | : |
| SURETY COMPANY OF AMERICA | : |
| | : |
|            Defendants | : |

**AMENDED COMPLAINT**

Plaintiff, M.C. Painting Corporation, by and through their attorneys, Davis, Bucco & Ardizzi, bring this Complaint against Defendants Cianbro Corporation and Travelers Casualty and Surety Company of America, and in support thereof hereby avers the following:

**PARTIES**

1.  Plaintiff, M.C. Painting Corporation. ("hereinafter referred to as "MCP"), is a Pennsylvania corporation that provides various services including commercial and industrial painting with a principal place of business located at 1195 Haverford Road, Crum Lynne, PA 19022.

2.  Defendant, Cianbro Corporation ("Henderson"), is, upon information and belief, a Maryland Corporation, registered to do business in the State of Delaware with a principal place of business located at 605 Pittman Road, Baltimore, MD 21226.

3.  Defendant, Travelers Casualty and Surety Company of America ("Travelers"), is upon information and belief a Connecticut corporation, registered to do business in the State of Delaware with a principal place of business located at One Tower Square, Hartford, CT 06183-

6014.

## VENUE AND JURISDICTION

4. Jurisdiction is proper pursuant to 28 U.S.C. §1332 (diversity of citizenship) because the parties are diverse and the amount in controversy exceeds $75,000.

5. Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1391 because the project at issue in this action is located in Delaware.

## FACTUAL BACKGROUND

6. At all times relevant herein, Cianbro was engaged in the construction industry as a general contractor/construction manager.

7. Plaintiff believes and therefore avers that in early 2004 Cianbro was awarded a contract by Delaware Department of Transportation (DelDot) to serve as the general contractor and/or construction manager for a project known as Bridge 688, S. Market Street Draw Bridge located in Wilmington, Delaware (the "Project").

8. As a condition of being awarded a contract for the Project, Cianbro was obligated to obtain a labor and material payment bond.

9. Cianbro obtained a labor and material payment bond from Travelers for the Project.

10. On or about April 2004, Plaintiff entered into a subcontract with Cianbro pursuant to which Plaintiff agreed to supply labor and materials to the Project. A true and correct copy of the subcontract is attached hereto as Exhibit "1" and made a part hereof.

11. The work that Plaintiff agreed to perform on the project was work that Cianbro was obligated to perform and part of its contract with the Del DOT.

12. The work that Plaintiff agreed to perform on the project was work that was

encompassed and covered by the bond issued to Cianbro.

13. Plaintiff began its work at the Project in April 2004 and performed its work in a good and workmanlike manner.

14. Cianbro received and accepted all labor and materials provided by Plaintiff at the Project.

15. Plaintiff completed its work on the Project.

16. Plaintiff has demanded payment from Cianbro for the labor and materials it provided on the Project.

17. As of the date of the filing of this Amended Complaint, Cianbro has failed and refused to pay Plaintiff for the labor and materials it provided pursuant to the subcontract.

## COUNT I

### BREACH OF CONTRACT
### PLAINTIFF v. CIANBRO

18. Plaintiff incorporates the foregoing allegations of the Complaint, above, as if fully set forth at length herein.

19. Plaintiff provided labor and materials to the Project in accordance with its subcontract with Cianbro and fully complied with all of its obligations under the subcontract.

20. There is a principal balance in the amount of $93,690.09 owed to Plaintiff for the above-described work.

21. Despite demand, Cianbro has failed and refused to pay the outstanding balance.

22. Cianbro's failure and refusal to pay the balance owed to Plaintiff constitutes a material breach of the subcontract between the parties.

**WHEREFORE**, Plaintiff, M.C. Painting Corporation demands judgment in its favor and against Defendant, Cianbro Corporation, in an amount in of $93,690.09, plus pre-judgment and

post-judgment interest and such other relief as this Court deems just and proper.

## COUNT II

**UNJUST ENRICHMENT**
**PLAINTIFF v. CIANBRO**
(in the alternative)

23.    Plaintiff incorporates the allegations set forth above in paragraphs 1 through 23 as if fully set forth at length herein.

24.    Cianbro received the benefit of the value of the labor and materials provided by Plaintiff at the Project.

25.    Although Cianbro received the full benefit of the labor and materials, it has not paid Plaintiff for the value of said labor or materials.

26.    Cianbro's receipt of the value of the labor and materials furnished by Plaintiff without payment therefor constitutes an unjust enrichment to Cianbro to the detriment of Plaintiff.

27.    The reasonable value of the labor and materials furnished by Plaintiff is $93,690,09.

**WHEREFORE**, Plaintiff, M.C. Painting Corporation demands judgment in its favor and against Defendant, Cianbro Corporation, in an amount in of $93,690.09, plus pre-judgment and post-judgment interest and such other relief as this Court deems just and proper.

## COUNT III

**CLAIM AGAINST LABOR AND MATERIALMAN'S PAYMENT BOND/
BREACH OF PAYMENT BOND
(MCP v. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA)**

28.    Plaintiff incorporates the allegations set forth above in paragraphs 1 through 27 as if fully set forth at length herein.

29. Pursuant to the bond issued on behalf of Cianbro, Travelers agreed to pay the claims of proper claimants, including Plaintiff, in the event Cianbro failed to pay for the work of such claimants in connection with the Project. A copy of the payment bond is attached hereto and made a part hereof as Exhibit 2.

30. Cianbro has failed and refused to pay Plaintiff the outstanding contract balance.

31. Plaintiff is a proper claimant under the Bond because it supplied labor and materials to the Project as a subcontractor to Cianbro.

32. Travelers is liable to Plaintiff pursuant to the terms of the bond for the balance of $93,690.09 owed to Plaintiff.

33. Travelers failure to pay Plaintiff's claim is a breach of its obligation under the bond.

**WHEREFORE**, Plaintiff, M.C. Painting Corporation, demands judgment in its favor and against Defendant, Travelers Casualty and Surety Company of America, in the amount of $93,690.09, plus interest, costs and such other relief as the Court deems appropriate.

**DAVIS, BUCCO & ARDIZZI**

/s/ Robert D. Ardizzi
Robert D. Ardizzi, Esquire
DE Bar No. 3602
901 N. Market Street, Suite 700
Wilmington, DE 19801
(302) 345-9808
Attorneys for Plaintiff

**EXHIBIT 1**

# CIANBRO

*THE CONSTRUCTORS • FABRICATION & COATING • DEVELOPMENT • DATA SERVICES*

One Hunnewell Square · P.O. Box 1000
Pittsfield, Maine 04967   (207) 487-3311 · Fax (207) 679-2464

## SUBCONTRACT PURCHASE ORDER

**No. 200400072MAR**

This order number must be shown on all Invoices. Invoices in duplication with a Subcontractor's application for Payment to be sent to the project address below.

| Order Date | Buyer |
|---|---|
| 03/12/2004 | KELLIE DUPLISEA |

**IMPORTANT:** The attached terms and conditions are hereby incorporated into this order and the Subcontractor expressly acknowledges their acceptance.

**ALL ITEMS OF THIS ORDER SHALL MEET OSHA STANDARDS**

**SUBCONTRACT BETWEEN**
**SUBCONTRACTOR:**
M C PAINTING CORPORATION
1195 HAVERFORD ROAD
CRUM LYNNE PA 19022
ACE NELSON

**AND CONTRACTOR:**
Cianbro Corporation
Hunnewell Square
P.O. Box 1000
Pittsfield, ME 04967

*[Stamp: RECEIVED APR 22 2004 CIANBRO PURCH...]*

**PROJECT ADDRESS:**
Cianbro Corporation
320 South Market Street
Wilmington DE 19801

**RETAINAGE:   5.00%**

| PROJECT NAME | CIANBRO CONTACT | PROJECT OWNER |
|---|---|---|
| MARKET STREET BRIDGE REHAB | WILLIAM KLEINFELDER | DELAWARE DEPT OF TRANSPORTATIO |
| **PROJECT LOCATION** | **GENERAL CONTRACT DATE** | **OWNER'S PROJECT NUMBER** |
| NEW CASTLE COUNTY, DE | January 6, 2004 | 21-074-07 |
| **PROJECT PHONE NUMBER** | **PROJECT FAX NUMBER** | **OWNER'S ARCHITECT / ENGINEER** |
| 410-636-3000 | 410-636-3111 | |

| NO. | QTY. | UM | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| | | | Provide all labor, materials, tools, safety protection, equipment, supervision, and incidentals thereto, including all applicable taxes, insurances, guarantees, etc, required to complete the following work at the above referenced project in strict accordance with the attachment incorporated herein as well as the General Contract Documents and related documents listed therein, including all addenda.<br><br>SCOPE OF WORK:<br>   PROVIDE LABOR, MATERIALS, AND EQUIPMENT TO BLAST, CLEAN, AND PAINT THE COMPLETE BRIDGE STRUCTURE INCLUDING THE MACHINERY AND TO DISPOSE OF ANY HAZARDOUS MATERIALS IN ACCORDANCE WITH STANDARD SPECIFICATION SECTIONS 605.35, 605.37, AND 820 AS WELL AS SPECIAL PROVISION SECTIONS 605533 605590, 605629, AND 605690 THAT WERE PREVIOUSLY SUBMITTED, INCLUDING THE TWO YEAR WARRANTY PROVISION.<br><br>THE SUBCONTRACTOR WILL PROVIDE CIANBRO WITH A SUBCONTRACT PAYMENT AND PERFORMANCE BOND FOR THE PROJECT. CIANBRO WILL SUPPLY LABOR AND EQUIPMENT TO ASSIST IN THE PERFORMANCE OF THE INSPECTION SERVICES REQUIRED DURING THE LAST MONTH OF THE WARRANTY PERIOD. THE SUBCONTRACTOR AGREES TO PERFORM ALL WARRANTY WORK AND WILL SUPPLY ALL MAINTENANCE OF TRAFFIC, ACCESS, CLEANING AND PAINTING OF ANY AREA THAT REQUIRES TO BE RE-DONE UNDER THE WARRANTY, IN ACCORDANCE WITH SPECIAL PROVISION SECTION 605690, AND ANY/ALL ADDITIONAL COSTS ASSOCIATED WITH THIS SECTION. CIANBRO WILL ISSUE A LETTER OF ACCEPTANCE TO SUBCONTRACTOR IN ORDER TO INITIATE THE WARRANTY PERIOD<br><br>THIS SUBCONTRACT DATED APRIL 13, 2004 REPLACES PREVIOUS ORDERS DATED MARCH 1, 2004, AND MARCH 12, 2004 IN ITS ENTIRETY. | | |
| 1 | | LS | Cianbro Account: 303009.02030892.S   370,200.00 | | 370,200.00 |

**AGREEMENT ACCEPTANCE:**
Subcontractor- Please return the acknowledged copy of this form as your acceptance of this order with noted attachments within 5 days to CIANBRO Purchasing Department, P.O. Box 1000, Pittsfield, ME 04967.

Subcontractor   M.C. Painting Corp.
Signature   *[signature]*
Title   Vice President
Date   4/20/04

A CIANBRO AUTHORIZED CORPORATE REPRESENTATIVE'S SIGNATURE IS REQUIRED AND CONSIDERED YOUR NOTICE TO PROCEED.

Cianbro Corporation
Signature   *[signature] Brian A. Rogers*
Title
Date   4-22-04

**Acknowledgement**

# CIANBRO

*THE CONSTRUCTORS • FABRICATION & COATING • DEVELOPMENT • DATA SERVICES*

One Hunnewell Square · P.O. Box 1000
Pittsfield, Maine 04967    (207) 487-3311 · Fax (207) 679-2464

**SUBCONTRACT PURCHASE ORDER**

**No.** 200400072MAR
This order number must be shown on all invoices. Invoices in duplication with a Subcontractor's application for Payment to be sent to the project address below.

| Order Date | Buyer |
|---|---|
| 03/12/2004 | KELLIE DUPLISEA |

**IMPORTANT:**
Continued....
ALL ITEMS OF THIS ORDER SHALL MEET OSHA STANDARDS

**SUBCONTRACT BETWEEN**
**SUBCONTRACTOR:**
M C PAINTING CORPORATION
1195 HAVERFORD ROAD
CRUM LYNNE PA 19022
ACE NELSON

| PROJECT NAME | CIANBRO CONTACT | PROJECT OWNER |
|---|---|---|
| MARKET STREET BRIDGE REHAB | WILLIAM KLEINFELDER | DELAWARE DEPT OF TRANSPORTATIO |
| PROJECT LOCATION | GENERAL CONTRACT DATE | OWNER'S PROJECT NUMBER |
| NEW CASTLE COUNTY, DE | January 6, 2004 | 21-074-07 |
| PROJECT PHONE NUMBER | PROJECT FAX NUMBER | OWNER'S ARCHITECT / ENGINEER |
| 410-636-3000 | 410-636-3111 | |

| NO. | QTY. | UM | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| 2 | | LS | Cianbro Account: 303009.09970980.S   159,025.00 | | 159,025.00 |

Prior to additional cost being incurred, the Subcontractor must notify the Cianbro Project Superintendent in writing and receive written approval from same in order to receive payment for any additional cost.

This work will be coordinated with the Cianbro Project Superintendent and will be performed between March 2004 and March 2005.

A Certificate of Insurance issued in accordance with the Insurance Requirements attached hereto as well as Worker's Compensation, specifically listing the State the project is located in, is required to be on file at Cianbro prior to the start of work and the execution of this agreement. It is a requirement of this subcontract that Cianbro and the Project Owner be named as Additional Insureds under all of the Subcontractor's liability policies.

This Subcontract Purchase Order executed by both parties and a valid Certificate of Insurance must be on file at Cianbro's Corporate Purchasing before payment will be made to Subcontractor.

The following attachments are considered an integral part of this order:

1) Standard Subcontract Attachment (PU705)
    (12 Pages)
2) Special Conditions    4-13-04
3) Subcontractor's Quote dated 2/26/04 as amended ~~dated 4/6/04~~
4) OFCCP Letter (Copy enclosed for your files)
5) Pertinent Contract Documents
6) Standard Specification Sections 605.35, 605.37, and 820
7) Special Provision Sections 605533 and 605590, AND 605690
8) Schedule of Payments
9) Subcontractor's Proposal Breakdown
10) Subcontractor's Fax Cover Sheet dated 4/6/04 as amended

**AGREEMENT ACCEPTANCE:**
Subcontractor- Please return the acknowledged copy of this form as your acceptance of this order with noted attachments within 5 days to CIANBRO Purchasing Department, P.O. Box 1000, Pittsfield, ME 04967.
Subcontractor  M.C. Painting Corp.
Signature  [signature]
Title  Vice President
Date  4/20/04

A CIANBRO AUTHORIZED CORPORATE REPRESENTATIVE'S SIGNATURE IS REQUIRED AND CONSIDERED YOUR NOTICE TO PROCEED.

Cianbro Corporation
Signature  [signature]
Title
Date  4-22-04

**Acknowledgement**

# CIANBRO

THE CONSTRUCTORS • FABRICATION & COATING • DEVELOPMENT • DATA SERVICES

One Hunnewell Square • P.O. Box 1000
Pittsfield, Maine 04967   (207) 487-3311 • Fax (207) 679-2464

## SUBCONTRACT PURCHASE ORDER

**No. 200400072MAR**

This order number must be shown on all invoices. Invoices in duplication with a Subcontractor's application for Payment to be sent to the project address below.

| Order Date | Buyer |
|---|---|
| 03/12/2004 | KELLIE DUPLISEA |

**IMPORTANT:**
Continued....
ALL ITEMS OF THIS ORDER SHALL MEET OSHA STANDARDS

**SUBCONTRACT BETWEEN**
**SUBCONTRACTOR:**

M C PAINTING CORPORATION
1195 HAVERFORD ROAD
CRUM LYNNE PA 19022
ACE NELSON

| PROJECT NAME | CIANBRO CONTACT | PROJECT OWNER |
|---|---|---|
| MARKET STREET BRIDGE REHAB | WILLIAM KLEINFELDER | DELAWARE DEPT OF TRANSPORTATIO |
| **PROJECT LOCATION** | **GENERAL CONTRACT DATE** | **OWNER'S PROJECT NUMBER** |
| NEW CASTLE COUNTY, DE | January 6, 2004 | 21-074-07 |
| **PROJECT PHONE NUMBER** | **PROJECT FAX NUMBER** | **OWNER'S ARCHITECT / ENGINEER** |
| 410-636-3000 | 410-636-3111 | |

| NO. | QTY. | UM | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| | | | ***** END ***** | | |
| | | | TOTAL AMOUNT THIS ORDER | | 529,225.00 |

**AGREEMENT ACCEPTANCE:**

Subcontractor- Please return the acknowledged copy of this form as your acceptance of this order with noted attachments within 5 days to CIANBRO Purchasing Department, P.O. Box 1000, Pittsfield, ME 04967.

Subcontractor    M.C. Painting Corp.
Signature        [signature]
Title            Vice President
Date             4-20-04

A CIANBRO AUTHORIZED CORPORATE REPRESENTATIVE'S SIGNATURE IS REQUIRED AND CONSIDERED YOUR NOTICE TO PROCEED.

Cianbro Corporation
Signature  [signature]
Title
Date   4-22-04

**Acknowledgement**

**EXHIBIT 2**

BOND NUMBER 104190973

PERFORMANCE/PAYMENT BOND

TO ACCOMPANY AND FOR CONTRACT NO. 21-074-07
(In the amount of 100% of the total contract award)

KNOW ALL MEN BY THESE PRESENTS That: Cianbro Corporation of Baltimore in the County of ___ and the State of Maryland as Principal and Travelers Casualty and Surety Company of America of Hartford in the County of Hartford and State of Connecticut as Surety, legally authorized to do business in the State of Delaware ("State"), are held firmly bound unto the State in the sum of Four Million, Eight Hundred Twenty Two Thousand, Seven Hundred Forty Three Dollars and Eighty Cents ($ 4,822,743.80 ), to be paid to the State for the use and benefit of DOT, as well as for the use and benefit of the Division of Revenue in the case of claims under this bond for any and all taxes due the State relating to this contract, for which payment well and truly to be made, we do bind ourselves, our and each and every of our heirs, executors, administrators, successors, and assigns, jointly and severally for and in the whole firmly by these presents.

NOW THE CONDITION OF THIS OBLIGATION IS SUCH That if the said above bounden Principal who had been awarded by the DOT of the State a certain contract designated by the parties thereto as Contract No. 21-074-07 , and the associated agreement, for construction and completion of a certain Public Works contract within the State, shall well and truly provide and furnish all the materials, appliances and tools and perform all the construction work and labor required under and pursuant to the terms and conditions of this Contract, and of the proposal, plans and specifications contained therein, and shall also indemnify and keep harmless the State and the DOT, from all costs, damages, and expenses growing out of or by reason of the construction work and completion of this Contract, and shall well and truly pay all and every person furnishing material and performing labor in and about the construction of this Contract, all and every sum or sums of money due him, them or any of them, for all such labor and materials for which the Principal is liable; then this obligation shall be void or else to be and remain in full force and virtue; and every person furnishing materials or performing labor or services for the Principal under the said contract may maintain an action on this bond for his own use in the name of the State in any court of competent jurisdiction for recovery of such sum or sums of money as may be due such person from Principal.

Sealed with __our__ seal and dated this __22nd__ day of __December__ in the year of our Lord two thousand and __Three__ ( 20__03__).

SEALED, AND DELIVERED IN THE presence of

Attest _Shelly Campbell_

Witness: _Michael L Hill_

31194
NAIC# (REQUIRED)

ADDRESS OF SURETY

TELEPHONE NUMBER OF SURETY

ADDRESS

TELEPHONE NUMBER OF SIGNER

Corporate Seal

Cianbro Corporation
Name of Contractor

By: _Rick C. Penn_
Authorized Signature

_Assistant Secretary_
Title

Corporate Seal

Travelers Casualty and Surety Company of America
Name of Surety

One Tower Square

Hartford, CT  06183-6014

800-282-7297

By: _BE Torelli_
Signature

Blair E. Torelli, Attorney-in-Fact
Title

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
Social Security Number

31 Court Street, PO Box 40

Auburn, ME  04212-0040

207-783-2211

NOTE: (1) All surety insurers must be licensed and authorized to transact business in the State of Delaware in accordance with Delaware Code, Title 18, Insurance Code.
(2) Pursuant to the licensing requirements of Delaware Code, Title 30, Section 2101, bidder is required under this contract to attach a copy of his trade and/or business license obtained from the State of Delaware, Department of Finance.



# IMPORTANT DISCLOSURE NOTICE OF TERRORISM INSURANCE COVERAGE

On November 26, 2002, President Bush signed into law the Terrorism Risk Insurance Act of 2002 (the "Act"). The Act establishes a short-term program under which the Federal Government will share in the payment of covered losses caused by certain acts of international terrorism. We are providing you with this notice to inform you of the key features of the Act, and to let you know what effect, if any, the Act will have on your premium.

Under the Act, insurers are required to provide coverage for certain losses caused by international acts of terrorism as defined in the Act. The Act further provides that the Federal Government will pay a share of such losses. Specifically, the Federal Government will pay 90% of the amount of covered losses caused by certain acts of terrorism which is in excess of Travelers' statutorily established deductible for that year. The Act also caps the amount of terrorism-related losses for which the Federal Government or an insurer can be responsible at $100,000,000,000.00, provided that the insurer has met its deductible.

Please note that passage of the Act does not result in any change in coverage under the attached policy or bond (or the policy or bond being quoted). Please also note that no separate additional premium charge has been made for the terrorism coverage required by the Act. The premium charge that is allocable to such coverage is inseparable from and imbedded in your overall premium, and is no more than one percent of your premium.

TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY
Hartford, Connecticut 06183-9062

## POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

**KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY**, corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford, County of Hartford, State of Connecticut, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents make, constitute and appoint: **Stephen F. Dunlap, Michelle V. Orlando, Nancy E. Peters, Blair E. Torelli, Joline L. Binette, Shannon S. Walton, of Auburn, Maine**, their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge, at any place within the United States, the following instrument(s): by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified and confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions are now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority.

**This Power of Attorney and Certificate of Authority is signed and sealed by facsimile (mechanical or printed) under and by authority of the following Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, which Resolution is now in full force and effect:**

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

(11-00 Standard)

IN WITNESS WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY have caused this instrument to be signed by their Senior Vice President and their corporate seals to be hereto affixed this 1st day of December 2000.

STATE OF CONNECTICUT

}SS. Hartford

COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY



By _____
George W. Thompson
Senior Vice President

On this 1st day of December, 2000 before me personally came GEORGE W. THOMPSON to me known, who, being by me duly sworn, did depose and say: that he/she is Senior Vice President of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.



Marie C Tetreault
_____
My commission expires June 30, 2001 Notary Public
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Assistant Secretary of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut. Dated this 22nd day of December, 20 03.



By _____
Kori M. Johanson
Assistant Secretary, Bond

To be attached to Performance and Payment Bond No. 104190973.