IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M.C. PAINTING CORPORATION | ) | |
| | ) | C.A. No. 1:07-cv-00283-GMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIANBRO CORPORATION, and | ) | TRIAL BY JURY |
| TRAVELERS CASUALTY AND SURETY | ) | DEMANDED |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CIANBRO CORPORATION, | ) | |
| | ) | |
| Counter-Claim Plaintiff, | ) | TRIAL BY JURY |
| | ) | DEMANDED |
| v. | ) | |
| | ) | |
| M.C. PAINTING CORPORATION, | ) | |
| | ) | |
| Counter-Claim Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF
DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

COMES NOW, Defendant Travelers Casualty and Surety Company of America ("Travelers"), by and through undersigned counsel, with this Answer and Affirmative Defenses to the Amended Complaint, and in support thereof states as follows:

**PARTIES**

1.     Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 1 of the Amended Complaint.

2.     The allegations in paragraph 2 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required.

3. Admitted in Part. Travelers admits that it is a corporation organized and existing pursuant to the laws of the State of Connecticut and that its principal office is located in Hartford, Connecticut. Travelers admits that it is authorized to do business in the State of Delaware. All other allegations set forth in paragraph 3 of the Amended Complaint are specifically Denied.

## VENUE AND JURISDICTION

4. Admitted, to the extent that Plaintiff claims the jurisdictional amount has been plead.

5. Admitted.

## FACTUAL BACKGROUND

6. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 6 of the Amended Complaint.

7. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 7 of the Amended Complaint.

8. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 8 of the Amended Complaint.

9. Admitted in Part. Travelers admits that Cianbro Corporation ("Cianbro") secured a performance/payment bond from Travelers. All other allegations and/or characterizations of that bond are specifically Denied.

10. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 10 of the Amended Complaint.

11. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 11 of the Amended Complaint.

DEL 86198454v3 10/19/2007

12. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 12 of the Amended Complaint.

13. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 13 of the Amended Complaint.

14. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 14 of the Amended Complaint.

15. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 15 of the Amended Complaint.

16. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 16 of the Amended Complaint.

17. Travelers is without sufficient information to admit or deny the allegations set forth in paragraph 17 of the Amended Complaint.

## COUNT I--BREACH OF CONTRACT
### Plaintiff v. Cianbro

18. Denied.

19. The allegations in paragraph 19 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 19 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

20. The allegations in paragraph 20 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 20 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

DEL 86198454v3 10/19/2007

21. The allegations in paragraph 21 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 21 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

22. The allegations in paragraph 22 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 22 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

WHEREFORE, Travelers prays that this Honorable Court enter an order, dismissing with prejudice, Plaintiff's complaint and award costs, attorneys' fees and grant all other relief as may be equitable and just.

## COUNT II--UNJUST ENRICHMENT
### Plaintiff v. Cianbro

23. Denied.

24. The allegations in paragraph 24 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 24 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

25. The allegations in paragraph 25 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 25 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

26. The allegations in paragraph 26 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph

26 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

27. The allegations in paragraph 27 of the Amended Complaint are not directed toward Travelers and thus no response from Travelers is required. To the extent that paragraph 27 of the Amended Complaint requires a response by Travelers, all allegations are specifically Denied.

WHEREFORE, Travelers prays that this Honorable Court enter an order, dismissing with prejudice, Plaintiff's complaint and award costs, attorneys' fees and grant all other relief as may be equitable and just.

## COUNT III--CLAIM AGAINST LABOR AND MATERIALMAN'S PAYMENT BOND/BREACH OF PAYMENT BOND
### (MCP v. Travelers Casualty and Surety Company of America)

28. Denied.

29. Admitted in Part. Travelers admits that Cianbro secured a performance/payment bond from Travelers. All other allegations and/or characterizations of paragraph 29 of the Amended Complaint are specifically Denied.

30. Denied. By way of further response and without waiving such denial the allegations set forth in paragraph 30 state a legal conclusion which has not yet been determined by this Court and to which no other response is necessary.

31. Denied. By way of further response and without waiving such denial the allegations set forth in paragraph 31 state a legal conclusion which has not yet been determined by this Court and to which no other response is necessary.

32. Denied. By way of further response and without waiving such denial the allegations set forth in paragraph 32 state a legal conclusion which has not yet been determined by this Court and to which no other response is necessary.

DEL 86198454v3 10/19/2007

33.    Denied. By way of further response and without waiving such denial the allegations set forth in paragraph 33 state a legal conclusion which has not yet been determined by this Court and to which no other response is necessary.

WHEREFORE, Travelers prays that this Honorable Court enter an order, dismissing with prejudice, Plaintiff's complaint and award costs, attorneys' fees and grant all other relief as may be equitable and just.

## AFFIRMATIVE DEFENSES OF DEFENDANT TRAVELERS

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted where no claim has accrued against Travelers upon the performance/payment bond.

### Third Affirmative Defense

Plaintiff claims may be barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff may be in breach of contract by failing to secure the contractually required worksmanship and warranty bond and approaches the Court for relief with unclean hands.

GREENBERG TRAURIG, LLP

_____
Sandra G. M. Selzer, Esq. (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
Telephone: 302-661-7000
Facsimile: 302-661-7360
Electronic Mail: selzers@gtlaw.com

*Attorney for Defendant Travelers Casualty and Surety Company of America*

DEL 86198454v3 10/19/2007

## CERTIFICATE OF SERVICE

I, Sandra G. M. Selzer, hereby certify that on October 19, 2007, I caused a copy of the foregoing *Answer and Affirmative Defenses to Amended Complaint of Defendant Travelers Casualty and Surety Company of America* to be served upon counsel of record via the ECF filing:

Robert Daniel Ardizzi, Esquire
Davis, Bucco & Ardizzi
901 N. Market Street, Suite 700
Wilmington, DE 19801
Email: robert.ardizzi@davisbucco.com

Christopher Alan Selzer, Esquire
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Email: cselzer@mccarter.com

Sandra G. M. Selzer, Esquire (DE Bar No. 4283)