UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| M.C. PAINTING CORP. : | |
| : | Civil Action No. 07-0283 (GMS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CIANBRO CORPORATION and : | |
| TRAVELERS CASUALTY AND : | |
| SURETY COMPANY OF AMERICA : | |
| : | |
| : | |
| Defendants. : | |

**JOINT STATUS REPORT**

1. **Jurisdiction and Service**

    Subject Matter Jurisdiction is based upon diversity of citizenship. Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Pennsylvania. Defendant Cianbro Corporation is a corporation organized and existing under the laws of the State of Maine with its principal place of business located in Maine. Defendant Travelers Casualty & Surety Company of America is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Connecticut. Plaintiff seeks damages in excess of $75,000. Venue is proper because the transactions and occurrences at issue in this action arise out of a project located in Wilmington, Delaware.

    This Court has personal jurisdiction over both defendants as they both transact business and are registered to do business in the State of Delaware. Service has been made on all Defendants.

2. **Substance of the Action**

    a. **Plaintiff's Position**

    Plaintiff was hired as a subcontractor to Defendant Cianbro Corporation ("Cianbro") on a project involving the renovation of the S. Market Street Bridge in Wilmington, Delaware. Defendant Travelers Casualty & Surety Company of America ("Travelers") issued a labor and materials payment bond on behalf of Cianbro for the project. Plaintiff alleged in the Complaint that it completed its work but Cianbro failed to pay a balance of $93,690.09. Plaintiff has asserted claims for breach of contract and

unjust enrichment against Cianbro and a claim pursuant to the surety bond against Travelers.

      **b.**      **Defendant Cianbro's Position**

Defendant Cianbro was the general contractor employed by the State of Delaware for a project to renovate and repaint the South Market Street Bridge. The contract between the State of Delaware and Cianbro required Cianbro to secure a performance and payment bond for the benefit of the State of Delaware in the event that Cianbro was not able to perform as agreed. The contract between the State of Delaware and Cianbro also required that all subcontractors employed by Cianbro: (i) meet certain workmanship and performance standards, (ii) monitor and warrant the work performed by such subcontractor, and (iii) that the subcontractor meet certain standard workforce wage guidelines.

Cianbro thereafter made a call for, and accepted M.C. Painting Corp.'s bid upon Cianbro's bid request which not only adopted the State of Delaware specific requirements, but required plaintiff to secure a warranty bond for the benefit of Cianbro for the work performed by M.C. Painting Corp., and required M.C. Painting Corp. to periodically monitor and inspect all preparation and painting work it performed and to report such results to both Cianbro and the State of Delaware. Cianbro began work only to thereafter require that Cianbro assist it in certain contractually required pre-painting preparation activities which M.C. Painting Corp. did not have the capacity to perform. M.C. Painting Corp. next attempted to submit extra work invoices for wages that were well in excess of those which the contract permitted. M.C. Painting Corp. has failed to perform any of the post completion inspections or follow up with reports. Finally, Cianbro discovered that M.C. Painting Corp. had not in fact secured the payment and performance and warranty bond that it had previously assured Cianbro that it had obtained.

To foreclose a breach of contract between it and the State of Delaware, Cianbro was forced to itself purchase a warranty bond for the work performed by M.C. Painting, Inc. Cianbro has also been required to undertake the periodic workmanship and performance inspections which M.C. Painting, Corp. has failed to honor. Finally, it appears likely that within the next year, certain of the structural painting work performed by M.C. Painting, Corp. may fail, requiring Cianbro to warrant M.C. Painting, Corp.'s work.

Cianbro continues to withhold a certain portion of the final performance payment demanded by M.C. Painting because certain of the invoices claim costs, materials and labor which were not to be charged by M.C. Painting, Corp. to Cianbro, and in an effort to offset certain of the damages which arise as a result of M.C. Painting, Corp.'s breach of the contract.

    c.    **Defendant Traveler's Position**

Defendant Travelers Casualty and Surety Company of America issued a performance/payment bond on behalf of Cianbro Corporation to the State of Delaware (the "Bond"). Travelers' obligation is conditioned on payments being properly due and owning to persons furnishing labor or material for which its Principal (Cianbo) is liable. The condition of the bond has not yet been satisfied as there is a dispute as to whether sums are properly due and owing to M.C. Painting. Thus Plaintiff's claim for performance/payment against Travelers is premature as Cianbro has not been adjudged liable.

3.    **Identification of Issues**

**Plaintiff's Position**

There are two main issues before the Court.

a.    **Breach of Contract/ Unjust Enrichment.** The first issue is whether Cianbro breach the parties' contract by failing to pay Plaintiff for work performed. As stated above, Plaintiff claims that it is owed a balance of $93,690.09 from Cianbro. Cianbro counters that not only does it not owe any amount to Plaintiff, Plaintiff owes Cianbro $45,221.00 because Plaintiff allegedly overcharged Cianbro $12,974 for the work performed and Plaintiff did not procure a warranty bond, which has allegedly caused Cianbro to incur costs of $32,247.00. Plaintiff denies that it has been "overpaid" by Cianbro and while it is acknowledged that the warranty bond was not procured, Plaintiff disputes Cianbro's computation of its damages as to that issue.

Although the unjust enrichment claim is a separate cause of action with slightly different elements, the issues are essentially the same as those for the breach of contract, i.e., whether Plaintiff is owed money for the work performed and whether the amount owed to Plaintiff is offset in whole or in part by the claims of Cianbro.

b.    **Breach of Surety Bond.** The second issue is whether Travelers is liable to Plaintiff pursuant to the surety bond. The bond was issued to protect claimants who provide labor and materials to the project on behalf of Cianbro but do not receive payment for said labor and materials.

**Defendant Cianbro's Position**

a.    Breach of Contract/ Unjust Enrichment: Cianbro asserts that M.C. Painting Corp.'s position on damages fails to consider properly not only the damages which have accrued to date ($45,221.00), but the ongoing costs and damages which Cianbro continues to suffer as it is forced to inspect and report to

the State of Delaware the status of paint and M.C Painting, Corp.'s workmanship in painting the bridge. M.C. Painting, Corp. fails to consider not only the cost to Cianbro of purchasing the warranty bond for the benefit of the State of Delaware, but that Cianbro will be required to remedy and/or repaint for the duration of the warranty, any portion of the South Market Street Bridge which fails periodic inspection and which must be replaced under the warranty.[1] M.C. Painting, Corp. does not appropriately consider the significant costs, and yet unknown potential future liabilities which will now be born by Cianbro for its failure to properly and timely honor the contractual agreement.

b.    The Surety Bond:    Cianbro purchased the Traveler's surety bond for the benefit of the State of Delaware as was required in the contract between the State of Delaware and Cianbro. The surety bond guarantees that the obligations under the contract between Cianbro and the State of Delaware in the event that Cianbro is not able to perform. At present, M.C. Painting, Corp.'s significant and material breaches of contract give rise to Cianbro's claims against M.C. Painting, Corp. under the contract, thus giving rise to this significant dispute between Cianbro and M.C. Painting, Corp. Therefore, Cianbro asserts that no further performance is due to M.C. Painting, Corp., that the State of Delaware owes nothing to M.C. Painting, that M.C. Painting, Corp. has not (and cannot) demonstrate that Cianbro will fail to perform under the contract between Cianbro and M.C. Painting, Corp. and that as a result M.C. Painting, Corp.'s claim to the surety bond issued by Traveler's for the benefit of the State of Delaware is irrelevant to this matter, and at best, premature.

**Defendant Traveler's Position**

Travelers adopts presently the position of Cianbro as stated above.

4.    **Narrowing of Issues**

The parties believe that the issues have been narrowed as set forth in section 3 above.

Plaintiff does not currently anticipate filing any dispositive motions but reserves it right to do so after discovery is completed.

Defendants anticipate the filing of dispositive motions following discovery.

5.    **Relief**

---

[1] M.C. Painting, Corp. believes that a warranty bond is the same as a financial guarantee of third party performance, and that Cianbro's purchase of the warranty bond which M.C. Painting, Corp failed to provide negates any further obligation of either Cianbro or M.C. Painting, Corp. in the event of a failure. Unfortunately, the bond only ensures payment for third party performance in the event that the underlying party purchasing the bond becomes unable to honor its financial obligations.

      a.     Plaintiff seeks monetary damages of $93,690.09 from the Defendants for the contract balance owed to it for the work performed plus interest and costs.

      b.     Cianbro claims against Plaintiff in the minimum amount of $45,221.00, the exact amount to be proven at trial. Cianbro asserts that the damages accruing to it as a result of M.C. Painting, Corp.'s breach of contract and subsequent conduct are yet not fully developed and known due to Cianbro's requirement to perform the warranty work that is owed to the State of Delaware through the end of 2008.

      c.     Travelers has not asserted an affirmative claim for relief.

6. **Amendment of Pleadings:**

    None anticipated by any party at this time.

7. **Joinder of Parties:**

    None anticipated by any party at this time.

8. **Discovery:** Plaintiff has served Interrogatories and a Request for Production of Documents on each Defendant. Plaintiff intends to depose at least one designated representative of each Defendant. Plaintiff reserves the right to depose additional witnesses, if necessary.

    Defendants will file and serve discovery upon Plaintiff. Defendants anticipate deposition discovery. Defendants anticipate the need for expert discovery regarding the standards of quality and workmanship in the structural painting field.

9. **Estimated Trial Length**.

    The parties anticipate trial will take approximately two (2) days--each side limited to no more than a single day. Bifurcation is not necessary in this case. The parties will work together to simplify the case through stipulations of fact regarding the parties' actions once discovery has been completed.

10. **Jury Trial:** Defendants respectfully request a trial by jury of six.

11. **Settlement.** The parties conducted settlement discussions after the Complaint was filed but were not able to reach a resolution.

The parties anticipate that it is likely that the parties' differences might be resolved prior to trial at a mediation or other settlement conference before the Magistrate.

12.     **Other Matters**.  None

13.     The undersigned counsel for the parties have conferred about the matters addressed above and hereby submit this report jointly.


/s/ Robert D. Ardizzi
Robert D. Ardizzi, Esquire
Davis, Bucco & Ardizzi
901 N. Market Street, Suite 700
Wilmington, DE 19801
(302) 345-9808
robert.ardizzi@davisbucco.com
Attorney for Plaintiff  M.C. Painting Corporation


/s/ Christopher Alan Selzer
Christopher Alan Selzer, Esquire
McCarter & English
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
CSelzer@McCarter.com
Attorney for Defendant
Cianbro Corporation

Sandra G. M. Selzer
Sandra G. M. Selzer, Esquire
**Greenberg Traurig, LLP**
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 661-7000
selzers@gtlaw.com
Attorney for Defendant Travelers Casualty and Surety Company of America